UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONNIE G. MILLIGAN, | |
| Petitioner, | 3:03-cv-0097-JCM-VPC |
| vs. | |
| E.K. McDANIEL, *et al.*, | **ORDER** |
| Respondents. | |

I.   Introduction

In this capital habeas corpus action, on December 27, 2005, the Court entered an order (docket #48) resolving petitioner's Amended Motion for Leave to Conduct Discovery, granting that motion in part and denying it in part. In the December 27 order, the Court granted petitioner leave to conduct extensive discovery, but narrowed some of petitioner's proposed discovery to some extent, and denied some altogether. Since the issuance of the December 27 order, two further discovery-related motions, and two stipulations, have come before the Court.

On January 26, 2006, petitioner filed a motion entitled "Motion for Clarification of Order and for Reconsideration of Order Denying in Part Petitioner's Amended Discovery Motion" (docket #49) (hereafter "motion for clarification and reconsideration"). Respondents filed a response to that motion on February 8, 2006 (docket #50). Petitioner replied on February 22, 2006 (docket #53).

1  Thereafter, on February 13, 2006, the Nevada State Board of Pardons Commissioners
2 (hereafter "Pardons Board") filed a motion entitled "Motion to Quash or Modify Subpoena in a Civil
3 Case" (docket #51) (hereafter "motion to quash or modify subpoena").  Petitioner responded to that
4 motion on March 10, 2006 (docket #55).  There was no reply.
5  Subsequently, on April 17, 2006, two stipulations were filed, one between petitioner
6 and the Nevada Department of Public Safety, Nevada Division of Parole and Probation (docket #56),
7 and one between petitioner and the Nevada Department of Public Safety, Investigation Division
8 (docket #57).
9  The Court will grant in part and deny in part petitioner's motion for clarification and
10 reconsideration.  The Court will deny the Pardons Board's motion to quash or modify subpoena.
11 The Court has approved the stipulation between petitioner and the Division of Parole and Probation.
12 The Court will not approve the stipulation between petitioner and the Investigation Division.
13 II.  Petitioner's Motion for Clarification and Reconsideration
14  A.  Depositions of Stanley Rorex and Dan James
15  In the December 27 order, the Court granted petitioner leave to conduct certain
16 discovery regarding the handling of the clothing of a witness named Ramon Houston, at the
17 Humboldt County Jail on July 4, 1980, the day of the crimes for which petitioner was convicted.
18 *See* December 27 Order (docket #48), pp. 15-17.
19  In his motion for clarification and reconsideration, petitioner seeks clarification as to
20 this portion of the Court's order.  Specifically, petitioner seeks clarification as to whether or not the
21 Court granted him leave to depose Stanley Rorex and Dan James.  *See* Motion for Clarification and
22 Reconsideration (docket #49), p. 3.  Respondents agree that such clarification is necessary.
23  The Court did intend to authorize the depositions of Rorex and James.  *See*
24 December 27 Order, p. 17, lines 18-21.  Therefore, the Court granted petitioner leave to serve
25 subpoenas upon Rorex and James.  *See* December 27 Order, pp. 22 and 23 (granting leave of court
26 for petitioner to serve the subpoenas found at Exhibits 1.42 (Rorex) and 1.53 (James).  (Unless

otherwise noted, the exhibits referred to in this order are located in the record at docket #24, #25, #26, and #37.)

However, some ambiguity arises because the Court did not include a paragraph in the Order limiting the scope of the Rorex and James depositions, as it did with respect to the other authorized depositions. *See* December 27 Order, p. 13, footnote 11. This omission was inadvertent. The Court appreciates counsel pointing it out and seeking clarification.

Pursuant to Federal Rule of Civil Procedure 60(a), the Court will clarify the December 27 order by reiterating that petitioner may serve the subpoenas found at Exhibits 1.42 and 1.53, and by ordering that the depositions of Rorex and James shall be limited to the subjects of the handling of Houston's clothing and their training regarding the processing or handling of potential evidence in general.

B. Files of Terry Bonnette's Trial Attorney

Terry Bonnette was one of petitioner's co-defendants. *See* December 27 Order, pp. 2-3. Bonnette is now deceased. *See* Exhibit A. In his discovery motion, petitioner sought leave of court to serve a subpoena on Bonnette's former attorney, Gary D. Woodbury, commanding disclosure of his files concerning Bonnette. Because petitioner provided no explanation for that request, the Court denied petitioner leave to conduct that discovery. *See* December 27 Order, pp. 10-11.

In his motion for clarification and reconsideration, petitioner makes clear that Woodbury was Bonnette's trial counsel with respect to his criminal prosecution, and he explains that Woodbury's files may contain information corroborating statements made by Bonnette to the effect that certain of petitioner's co-defendants may have been more culpable than petitioner. *See* Motion for Clarification and Reconsideration, pp. 4-6. The Court finds that petitioner now makes a sufficient showing of good cause for this discovery, and the Court will therefore grant petitioner leave to serve a subpoena on Woodbury for the production of his files concerning Bonnette.

1    The Court's ruling in this regard is buttressed by the release apparently signed by
2 Bonnette's surviving wife, authorizing the release of Woodbury's files.  *See* Exhibit A.  That exhibit
3 raises at least the possibility that the attorney-client privilege has been waived.
4    The Court does not, however, intend at this time to finally resolve the question of the
5 continuing force of Bonnette's attorney-client privilege.  If, despite the release signed by Bonnette's
6 surviving wife, Woodbury asserts the attorney-client privilege and refuses to disclose the files, the
7 Court will determine the validity of the assertion of that privilege after the issue is raised in a
8 procedurally appropriate manner and fully briefed.
9    C.    Prosecutor's State Bar Disciplinary Records
10    In his amended discovery motion, petitioner requested leave of court to subpoena
11 from the Nevada State Bar the complete disciplinary records of the prosecutor at his trial, Humboldt
12 County District Attorney Jack T. Bullock II.  *See* Petitioner's Amended Motion for Leave to Conduct
13 Discovery, pp. 27-30.  The Court denied that request.  *See* December 27 Order, p. 20.   Petitioner
14 now seeks reconsideration of that ruling.
15    The Court finds that petitioner has added nothing new to his argument warranting any
16 alteration of the Court's ruling that he has not shown good cause for this discovery.  The Court will
17 deny this portion of petitioner's motion for clarification and reconsideration.
18 III.   The Pardons Board's Motion to Quash or Modify Subpoena
19    In the December 27 order, the Court granted petitioner leave to serve a subpoena
20 upon the Pardons Board, for production of information regarding Houston, Bonnette, Hale, and
21 Katherine L. Oldfield.  *See* December 27 Order, pp. 8-10, 21 (the subpoena on the Pardons Board
22 approved by the Court is at Exhibit 1.12).  Petitioner served that subpoena, as authorized, and on
23 February 13, 2006, the Pardons Board filed its motion to quash or modify the subpoena.
24    The Pardons Board argues that much of the material sought by the subpoena is
25 confidential.  In particular, the Pardons Board argues that parole and probation records are
26 confidential pursuant to NRS 213.1075; that pre-sentence investigation reports are confidential

1 pursuant to NRS 176.156 and 179A.110; that medical and mental health records obtained from the
2 Nevada Department of Corrections (NDOC) are confidential pursuant to NRS 629.068; and that
3 criminal history reports not generated by the NDOC are confidential pursuant to NRS 179A.110.
4 The Pardons Board also asserts that there "may be undercover agent, confidential informant, secret
5 witness, victim information, or other highly sensitive information" in its files, and that it has a duty
6 to keep such material confidential.  The Board of Pardons concludes that "[t]he Court should quash
7 or modify the Subpoena in a Civil Case."  The Court will deny the motion of the Pardons Board.

8       Preliminarily, it should be noted that, while the motion filed by the Pardon's Board
9 is procedurally proper, a motion to quash or modify the subpoena is not necessarily an efficient or
10 effective means of shielding confidential materials from disclosure pursuant to a subpoena.  The
11 better practice under these circumstances, in terms of efficiency and protection, is for the party
12 served with the subpoena to respond in a timely manner to the subpoena and disclose any non-
13 controversial responsive material along with a privilege log listing the material claimed to be
14 privileged or confidential.  Then, if the subpoenaing party wishes to contest the assertions of
15 privilege or confidentiality, that party can move to enforce the subpoena.  This approach narrows the
16 litigation and focuses it on specific material.  The Court can then better consider the applicability of
17 the asserted privileges in light of more specific information concerning the nature of the withheld
18 material, as well as the efficacy of any limitations or conditions to be imposed.

19       It is important to keep in mind that state privilege statutes are of limited application in
20 federal court in federal question cases.  *See Breed v. United States District Court*, 542 F.2d 1114,
21 1115 (9th Cir. 1976); *see also Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000).  State privilege
22 statutes are not controlling; however, to the extent they would be applicable, and to the extent the
23 policies behind them are compelling, the Court may take them into consideration in exercising its
24 discretion over this discovery dispute.

25
26

1    With respect to the Pardons Board's arguments based on NRS 179A.110 and
2 213.1075, it is notable that those statutes contain exceptions for disclosures authorized by a court
3 order.
4    Moreover, it is notable that petitioner has submitted, as exhibits attached to his
5 opposition to the motion to quash or modify subpoena, releases signed by Houston, Hale, Katherine
6 L. Oldfield, and Bonnette's surviving spouse.  *See* Exhibits 2, 3, 4, and 5 to Opposition to Motion to
7 Quash or Modify Subpoena.  Those releases are comprehensive, authorizing release of, among other
8 things, academic, correctional, employment, law enforcement, medical, psychological, psychiatric,
9 and probation and rehabilitation records, as well as files prepared in connection with criminal
10 litigation.  Those releases largely undermine the confidentiality concerns behind the Nevada statutes
11 relied upon by the Pardons Board.  The Pardons Board did not file a reply, and did not respond in
12 any manner to those releases.
13    Finally, the Court notes that, although the Pardon's Board's motion seeks to quash
14 *or modify* the subpoena, the Pardons Board does not describe any suggested modification.
15    Taking all of these considerations into account, the Court will deny the Pardons
16 Board's motion, and the Court will set a schedule for the Pardons Board to comply with petitioner's
17 subpoena.
18    If the Pardons Board finds that there is, among the responsive materials, "undercover
19 agent, confidential informant, secret witness, victim information, or other highly sensitive
20 information," and if the Pardons Board withholds such material, or any other material, from
21 production pursuant to the subpoena, the Pardons Board should produce a privilege log, in
22 compliance with Federal Rule of Civil Procedure 45(d)(2), specifying the sort of material withheld
23 and the basis for withholding it.
24
25
26

6

IV.     The Stipulation Between Petitioner and the Division of Parole and Probation

Pursuant to the Court's December 27, 2005 order, petitioner served a subpoena upon the Nevada Department of Public Safety, Nevada Division of Parole and Probation. Apparently, disputes arose regarding that subpoena.

On April 17, 2006, petitioner filed a stipulation between himself and the Division of Parole and Probation, regarding the latter's compliance with his subpoena (docket #56). The stipulation provides that material turned over to petitioner by the Division shall be kept confidential by petitioner's counsel. According to the stipulation, after petitioner's counsel receive the material, petitioner's counsel will review the material to determine which documents "are relevant to petitioner's pending § 2254 habeas litigation," and will then "request leave of this Court to use any such documents for litigation purposes." According to the stipulation, such leave is to be requested by a motion made under seal. The stipulation provides that petitioner's counsel "shall redact all victim, confidential informant, and confidential witness identifying information for which this Court grants [petitioner's counsel] leave to use." Stipulation (docket #56), pp. 2-3.

It appears that the procedure established by the stipulation will likely result in what will in essence be an *in camera* inspection of documents. The Court generally disfavors the resolution of discovery disputes in capital habeas corpus cases by means of *in camera* inspections, unless the *in camera* inspection is absolutely necessary, unless the parties limit to the extent possible the material to be submitted, and unless standards guiding the Court's inspection have been agreed upon, or, at least, fully briefed by the parties.

The Court has determined that under the circumstances, the process set up by the stipulation is acceptable. Because petitioner's counsel will initially inspect the material, the Court is confident that the *in camera* inspection will be limited to only material with some relevance to petitioner's claims; it appears that the Court will not be required to cull through material with no relevance whatsoever to the case. Also, the process devised by the parties provides for briefing to be submitted under seal to guide the Court's inspection. This will serve to inform the Court of the

parties' positions with respect to the standards that the Court should apply in determining what portions of the material are discoverable.

Under these circumstances, the Court finds the stipulation between petitioner and the Division of Parole and Probation to be acceptable. Accordingly, the Court has approved that stipulation. *See* Order on Stipulation (docket #58), filed April 18, 2006.

V.    The Stipulation Between Petitioner and the Investigation Division

Pursuant to the Court's December 27, 2005 order, petitioner also served a subpoena upon the Nevada Department of Public Safety, Investigation Division. Apparently, disputes arose regarding that subpoena as well, and on April 17, 2006, petitioner filed a stipulation between himself and the Investigation Division regarding the latter's compliance with the subpoena (docket #57).

The stipulation between petitioner and the Investigation Division contrasts with the one between petitioner and the Division of Parole and Probation. The stipulation involving the Investigation Division simply provides that the Division is to "promptly produce all documents relevant to the subpoena duces tecum to this Court for *in camera* inspection before such documents are passed on to petitioner's counsel." Stipulation (docket #57), p. 1, lines 24-26. The stipulation provides no indication of the nature or volume of the material to be submitted, and it does not indicate what privileges will be at issue or what standards the Court is to apply in conducting the inspection. The stipulation does not indicate that the Investigation Division has produced a privilege log regarding the material responsive to the subpoena, or that non-controversial material has been turned over to petitioner's counsel. *See* Fed. R. Civ. P. 45(d)(2).

The question whether to conduct an *in camera* review of documents is within the discretion of the Court. *See United States v. Zolin*, 491 U.S. 554, 570-72 (1989). The burden on the Court is a valid consideration in that exercise of discretion. *Id*. at 571. Under the circumstances here, the Court will not approve the stipulation between petitioner and the Investigation Division and will not prospectively authorize the ill-defined inspection of documents envisioned by that stipulation.

1         Petitioner and the Investigation Division must make a good-faith effort to resolve
2 their discovery disputes without the need for an *in camera* inspection of documents.  If the parties
3 cannot resolve their differences, the parties must attempt to narrow their disputes, to identify the
4 material at issue and the privileges that allegedly shield it from disclosure.  The first step in this
5 process is for the Investigation Division to disclose noncontroversial responsive material and to
6 produce a privilege log with respect to any material withheld from disclosure.  Beyond that, the
7 parties might consider a stipulation similar to that entered between petitioner and the Division of
8 Parole and Probation.

9         **IT IS THEREFORE ORDERED** that petitioner's Motion for Clarification
10 of Order and for Reconsideration of Order Denying in Part Petitioner's Amended Discovery Motion
11 (docket #49) is **GRANTED IN PART AND DENIED IN PART**.  The Court clarifies and
12 reconsiders its December 27, 2006 order (docket #48) as described below; in all other respects,
13 petitioner's motion is denied.

14         **IT IS FURTHER ORDERED** that the Court clarifies its December 27, 2005 Order
15 as follows:  petitioner is granted leave of court to serve subpoenas on Stanley Rorex and Ralph Dan
16 James in the form found in Exhibit 1.42 (Rorex) and Exhibit 1.53 (James); petitioner's depositions
17 of Stanley Rorex and Ralph Dan James shall be limited in scope to the subjects of (1) the handling
18 of Ramon Houston's clothing, and (2) their training regarding  the processing or handling of
19 potential evidence in general.

20         **IT IS FURTHER ORDERED** that the Court reconsiders, and amends, its
21 December 27, 2005, Order (docket #48), as follows:  petitioner is granted leave of court to serve a
22 subpoena on Gary D. Woodbury in the form found in Exhibit A (docket #37).

23         **IT IS FURTHER ORDERED** that the Motion to Quash or Modify Subpoena in a
24 Civil Case (docket #51), filed by the Nevada State Board of Pardons Commissioners, is **DENIED**.
25 The Nevada State Board of Pardons Commissioners shall comply with petitioner's subpoena on or
26 before **May 19, 2006**.

1 **IT IS FURTHER ORDERED** that the stipulation between petitioner and the Nevada Department of Public Safety, Investigation Division, filed on April 17, 2006 (docket #57) **SHALL NOT BE APPROVED BY THE COURT.**

**IT IS FURTHER ORDERED** that, in view of the litigation of these motions, the time for petitioner to complete all authorized discovery is extended to and including **September 1, 2006**, and the time for petitioner to file and serve an amended petition is extended to and including **December 1, 2006**. In all other respects, the provisions of the Second Scheduling Order entered August 20, 2003 (docket #15) shall remain in effect.

Dated this 25th day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE